# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03404-MSK-BNB

SCOTT HILL,

      Plaintiff,

v.

UNITED STATES BUREAU OF PRISONS,
PAUL LAIRD,
CHARLES DANIELS,
DR. MARK CARTER,
DR. DANIEL SEVERN,
WILLIAM HUTCHINGS,
FNU ANTHONY,
DIANE BORGES,
RICHARD DERR,
B. JANUSZ,
G. LYDE,
T. JAVERNICK,
S. BROWN, and
K. JOHNSON,

      Defendants.

---

## PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
## DISCLOSED IN DISCOVERY

---

      Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information disclosed pursuant to the disclosure or discovery obligations created by the Federal Rules of Civil

    Procedure, including, without limitation, documents produced, including electronic discovery, video and photographic materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information (collectively "Document(s)").

2. Documents that implicate the personal privacy of Plaintiff and/or other inmates; the personal privacy of staff and employees of Defendant; prison security and safety; the institutional adjustment of Plaintiffs or other inmates; sensitive and/or limited "official-use only" records; and/or law enforcement techniques may be marked as "CONFIDENTIAL." CONFIDENTIAL Documents shall not be disclosed or used for any purpose except the litigation of this case, except as allowed by this Protective Order or otherwise ordered by the Court.

3. Documents produced in this litigation may include materials encompassed by the Privacy Act of 1974, 5 U.S.C. § 522a. If Defendants produce to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production. Defendant may designate such information as CONFIDENTIAL.

4. Except as provided elsewhere in this Protective Order, a Document that is designated as "CONFIDENTIAL" shall not be disclosed to any inmate other than Plaintiff. Plaintiff may review a Document designated as CONFIDENTIAL, but may not retain a copy of such Document in her cell.

5. CONFIDENTIAL Documents pertaining to the law enforcement sensitive and official-use only records of the Bureau of Prisons may be designated by Defendant as

"CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY." Other Documents may be designated by either party as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" for security and safety reasons. Documents that are designated as "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not be disclosed to or discussed with anyone other than as provided in Paragraph 8.

6. Any reproduction of a CONFIDENTIAL Document (including FOR ATTORNEY'S EYES ONLY Documents) must retain the marking on the originally produced copy.

7. Documents designated "CONFIDENTIAL" may be disclosed to:

   a. Attorneys actively working on this case;

   b. Persons regularly employed by or associated with the attorneys actively working on this case, including agency counsel, whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. Employees of the Department of Justice and the Bureau of Prisons with a need to have access to such Documents in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Bureau of Prisons employee from having access to Bureau records to which such employee would normally have access in the regular course of his or her employment.

   d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    e. Witnesses (but inmate witnesses will not be permitted to retain copies of any such documents), court reporting personnel, and videographers during depositions;

    f. The Court, and necessary Court staff; and

    g. Other persons by written agreement of counsel for the parties or further order of the Court.

8. A Document designated "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY" shall not, without the consent of the party producing it or further order of the Court, be disclosed to any person, except that such Document may be disclosed to:

    a. Attorneys actively working on this case and who have (i) entered an appearance in this case; or (ii) are employed at the law firm of an attorney who has entered an appearance on this case;

    b. Employees of the Department of Justice and the Bureau of Prisons with a need to have access to such Document in connection with this litigation, including agency counsel, provided however that this Protective Order shall not prevent any Department of Justice or Bureau of Prisons employee from having access to Bureau records to which such employee would normally have access in the regular course of his or her employment;

    c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

      d. Non-inmate witnesses, court reporting personnel, and videographers during depositions;

      e. The Court, and necessary Court staff; and

      f. Other persons by written agreement of counsel for the parties or further order of the Court.

9. Prior to disclosing any Document designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY") to any person listed in Paragraphs 7(c), 7(d), 7(e), 7(g), 8(b), 8(c), 8(d) or 8(f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions and subject to this Court's jurisdiction. All such acknowledgments shall be retained by counsel for each respective party and shall be subject to *in camera* review by the Court if good cause is demonstrated by the opposing party.

10. Whenever a deposition involves the disclosure of a Document designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY", the deposition transcript or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate deposition transcripts, or portions thereof, as CONFIDENTIAL after transcription, provided written notice is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. **Any request to restrict access must comply with the requirements of**

> **D.C.COLO.LCivR 7.2.**  ~~In the event that a party desires to use a CONFIDENTIAL Document or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY Document as an exhibit to a Court document, the CONFIDENTIAL Document shall be filed as a restricted document in accordance with D.C.COLO.LCivR 7.2 and must retain the mark "CONFIDENTIAL" or "CONFIDENTIAL– FOR ATTORNEY'S EYES ONLY."~~

12. At any time prior to the final pretrial conference, a party may object to the designation of a Document as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY") by giving written notice to counsel for the party designating the disputed Document.  The written notice shall specifically identify the portion of the Document to which the objection is made.  If the parties cannot resolve the dispute within ten business (10) days after the time the written notice is received (or within a different time frame if agreed to by the parties), it shall be the obligation of the party designating the Document as CONFIDENTIAL to file within ten (10) business days thereafter (or within a different time frame if agreed to by the parties) an appropriate motion requesting that the Court determine whether good cause exists for the disputed Document to be treated as CONFIDENTIAL and subject to the terms of this Protective Order.  ~~The motion may attach the disputed Document as an exhibit to the motion as provided in Paragraph 11 of this Protective Order.~~  If such a motion is timely filed, the disputed Document shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed Document shall lose its designation as CONFIDENTIAL.

13. Claw Back Rights.

   a. The inadvertent production without a proper designation of Documents that should have designated as "CONFIDENTIAL" shall not be deemed a waiver of such status.

   b. If any party inadvertently produces a Document that has not been designated properly in accordance with this Protective Order, the producing party shall inform the receiving party within five (5) business days of the discovery. With respect to CONFIDENTIAL Documents that were inadvertently not designated as such, the receiving party shall treat the Document as CONFIDENTIAL. If there is any dispute as to the CONFIDENTIAL designation, the procedures in paragraph 12 shall apply.

14. At the conclusion of this litigation, unless other arrangements are agreed upon, all Documents designated as "CONFIDENTIAL" or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, whether electronic or physical, shall be immediately returned to the producing party or shall be destroyed or deleted by the receiving party. Where CONFIDENTIAL Documents are destroyed or deleted, counsel for the receiving party shall promptly provide an affidavit or sworn declaration confirming such destruction or deletion.

15. The termination of this litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Documents pursuant to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the case has concluded.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated September 17, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Approved as to Form and Content:

By: *s/Elisabeth L. Owen*
    Elisabeth L. Owen
    Colorado Prison Law Project
    1515 Wynkoop Street
    Suite 360
    Denver, CO 80202
    T: 720-389-9145
    F: 720-763-9609
    E: lisi@coloradoprisonlawproject.org

    Stephen D. Gurr
    Sarah Hartley
    Bryan Cave, LLP
    1700 Lincoln Street
    Suite 4100
    Denver, CO 80203
    T: 303-861-7000
    F: 303-866-0200
    E: steve.gurr@bryancave.com
       Sarah.hartley@bryancave.com

*Attorneys for Plaintiffs*

By: *s/ Amy L. Padden*
    Amy L. Padden
    Assistant United States Attorney
    Deputy Chief, Civil Division
    1225 Seventeenth Street, Suite 700
    Denver, CO  80202
    Telephone:  303-454-0100
    amy.padden@usdoj.gov

*Attorney for Defendant*